(C. D. 1886)

PAOLO ALONGE, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 4, 1957)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* and *Eugene F. Blauvelt* of counsel) for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Dorothy C. Bennett* and *Murray Sklaroff,* trial attorneys), for the defendant.

Before JOHNSON and DONLON, Judges

DONLON, Judge: This case involves merchandise known as condimento, imported from Italy in 1948. Trial was repeatedly delayed

on plaintiff's requests for commissions to take testimony abroad. The interrogatories were not executed, and the case came on for trial at the June 1956 term. Plaintiff put in its case and rested. Defendant requested that specimens of the merchandise be submitted for laboratory analysis and that the case be continued to receive the laboratory report.

Thereafter, the report was received in evidence, the parties submitted, leave to file briefs was granted, and the briefs have been filed. Nine years after importation, the case is finally ready for decision.

The collector classified this condimento as paste, composed of vegetables and fish, dutiable under paragraph 775 of the Tariff Act of 1930 at 35 per centum ad valorem.

The protest makes several claims, two of which plaintiff has not pressed on trial or in its brief. Those are claims to classification either as a vegetable, prepared or preserved, not specially provided for, or as a sauce, not specially provided for. Both claims are asserted under paragraph 775 of the Tariff Act of 1930, as modified. No evidence having been adduced or argument advanced in support of these claims, they are overruled.

The remaining protest claim, made by amendment in 1956, is for classification of the merchandise under paragraph 1558, dutiable at 20 per centum ad valorem. Although not stated in the protest amendment, it is reasonable to assume that plaintiff's claim is that this condimento is a nonenumerated manufactured article. We so construe the protest.

Several exhibits were entered as evidence. Defendant's exhibit B, a customs laboratory report, analyzes comparatively the ingredients of the condimento and the quantitative percentages of such ingredients, as well as the form and consistency, of plaintiff's collective illustrative exhibit 1. This was a sample illustrative of the imported merchandise (R. 7). The analysis report also describes, as to like items analyzed, defendant's exhibit A, which was an official sample actually taken from the importation (R. 44).

The laboratory analysis of these two samples of condimento is as follows:

The two samples marked Pltfs. Coll. Ex. 1 and Defs. Illus. Ex. A. contain the following ingredients by weight:

|  | Exhibit A | Exhibit 1 |
|---|---|---|
| *Chopped Fennel | 89. 7% | 86. 3% |
| Pine Seed | 2. 0 | 3. 0 |
| Raisins | 3. 0 | 2. 6 |
| Sardines | 5. 2 | 7. 6 |
| Onions | 0. 1 | 0. 5 |

*It is impracticable to determine the presence, if any, of sardine puree in the fennel.

Both samples have the consistency of cooked chopped fennel. The raisins and pine seed were whole and mixed into the fennel. The sardines, three and four fillets respectively, were neatly placed atop the fennel.

While perhaps of little or no significance, it may be noted that this report erroneously identifies the two exhibits which were analyzed. The samples are, respectively, plaintiff's collective illustrative exhibit 1 and defendant's exhibit A, and they were not marked in the manner in which the report designates them in the first sentence, above quoted.

Plaintiff produced three witnesses. One, Catherine Alonge, is president of Paolo Alonge, Inc., the plaintiff here. She also was called by defendant as its witness (R. 16), in order to adduce certain testimony outside the proper scope of cross-examination. The testimony, briefly, was as follows:

Condimento is not eaten in the form in which it is imported and purchased. The taste is not a pleasant one. Condimento is a canned seasoning. It is an ingredient for making pasta con sarde, that is, pasta with sardines. Pasta is also an Italian word. Pasta includes most Italian flour-and-water products, typical of which are macaroni and spaghetti. Pasta does not mean paste, as that term is used in paragraph 775 (R. 24). Nor is this merchandise now before us pasta. It is condimento, intended to be used with pasta to make the dish known as pasta con sarde (R. 39). That is the only use of condimento, to the witness' knowledge.

Sarde is the Italian word for certain little fish, including sardines. Pasta con sarde is, therefore, literally translated, macaroni (or spaghetti) with sardines.

Condimento has the consistency usually associated with paste.

The method of preparing pasta con sarde, using condimento, is described in testimony.

Garlic is first simmered in olive oil. The condimento is mixed with stewed (or canned) tomatoes, and these ingredients, plus chopped onion, are added to the garlic oil. Filleted fish (sarde) is optional but should first be browned by simmering in olive oil. Seasoning is to taste, as is also the consistency of the sauce product, thin or thick (R. 16, 17, 18, 19). The finished sauce is served on macaroni or spaghetti, and this finished product is pasta con sarde.

Other testimony as to sauce preparation is essentially corroborative.

This same product was before the court in previous litigation. *Paolo Alonge & Bro.* v. *United States*, 62 Treas. Dec. 195, T. D. 45883. There, the condimento was held, on the facts then of record, to be properly classified as a paste, composed of vegetables and fish.

The issue in this case, while in many respects the same, presents

two differences we deem to be significant. In the earlier case, testimony showed a relatively simple process of sauce preparation, combining the condimento with tomato paste which had been dissolved in water. Brought to a boil, this mixture was put on spaghetti, as a sauce, according to the earlier testimony.

Here, there is evidence of a more intricate process of sauce preparation, using the condimento as an ingredient, but not alone.

The second difference is that, since the previous *Paolo Alonge* decision of this court, *supra*, our appeals court has handed down a decision construing the tariff term "paste." *Columbo Co., Antonio Badalament* v. *United States*, 21 C. C. P. A. (Customs) 302.

In the *Columbo* case, the merchandise was tomato paste. This court had sustained the collector, holding the merchandise dutiable, as classified on liquidation, as tomatoes, prepared or preserved in any manner, under paragraph 772. The plaintiffs contended for classification under paragraph 775 as vegetable paste.

The record before the court in the *Columbo* case contained no evidence as to how, or for what purpose, the merchandise was used. This was a defect in that record. This defect does not exist here. There is considerable evidence in the record before us as to use of the condimento, including details of its preparation, in combination with other ingredients, for use as a sauce.

In reaching its decision in the *Columbo* case, our appeals court was of opinion that the word "pastes," as used in paragraph 775, is a general term of doubtful meaning, and thus application of the rule *noscitur a sociis* was called for. The following excerpts from the *Columbo* opinion (p. 306) state the views of the court:

We are of opinion that, in order to ascertain the meaning and scope of the term "pastes" contained in paragraph 775, the rule of *noscitur a sociis* should be applied, and that giving consideration to that rule of interpretation, and to the legislative history of the provisions in question, it was intended by the Congress to include within that term finished, or substantially finished, food preparations, not mere materials which are used, together with other materials, in the manufacture of such preparations.

\*　　\*　　\*　　\*　　\*　　\*　　\*

In view of the fact that the record is silent as to the uses of the involved merchandise, and as there is nothing therein to show that it is a finished, or a substantially finished, food preparation, and not a mere material to be used, together with other materials, in the manufacture of such preparations, we must hold that appellants have failed to make a case. Holding these views, it is unnecessary for us to consider other issues raised by the parties, including the question of whether, under any circumstances, "tomato paste" would be dutiable under the provisions of paragraph 775.

In *Del Gaizo Distributing Corp. et al.* v. *United States*, 24 C. C. P. A. (Customs) 64, the appeals court again had before it the issue as to classification of tomato paste. The record was further developed

than the record in the *Columbo* case had been, but the appeals court, nonetheless, held that (1) plaintiffs below had not shown that the merchandise is a finished food product, and (2) the rule of law laid down in the *Columbo* case should be followed.

Applying to the facts before us, the rule of law and tests that were laid down by the appeals court in the *Columbo* case and affirmed in the *Del Gaizo* case, we are of opinion that this condimento is not a paste under paragraph 772, for tariff purposes. The evidence of record shows that it is not a finished, or even a substantially finished, food preparation, but rather that it is material to be used, together with other materials, to make a food preparation.

Defendant concedes that if this condimento is held not to be a paste, it is not otherwise provided for, except within the catchall provision of paragraph 1558 as a nonenumerated manufactured article. We so hold.

The protest, as amended, is sustained, for the reasons stated, as to the claim for classification under paragraph 1558. In all other respects and as to all other claims, the protest is overruled. Judgment will issue accordingly.